**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

MICHAEL BRANDON LUTZ,

       Defendant-Appellant.

No. 98-6189
(W. District of Oklahoma)
(D.C. No. CR-97-208-A)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We therefore honor the parties' requests and order the case submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A federal grand jury handed down a three-count indictment charging Michael Lutz with stealing approximately $2.6 million from a Loomis/Fargo Armored Carriers ("Loomis") armored car. In particular, the indictment alleged that Lutz conspired to steal the money and transport it in interstate commerce in violation of 18 U.S.C. § 371; stole money belonging to the Oklahoma City, Oklahoma, Federal Reserve Bank in violation of 18 U.S.C. § 2113(b); and transported the stolen money in interstate commerce in violation of 18 U.S.C. § 2314.

Lutz entered a plea of guilty to all three counts of the indictment. Pursuant to the sentencing calculations set out in the Presentence Report, the district court sentenced Lutz to a term of imprisonment of fifty-one months on each of the three counts and ordered that the terms all run concurrently with one another. Lutz appeals the sentence imposed, contending the district court erred in the following particulars: (1) increasing Lutz's base offense level by two points pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B1.1(b)(4) because Lutz engaged in "more than minimal planning"; and (2) increasing Lutz's base offense level by four points pursuant to U.S.S.G. § 2B1.1(b)(6)(B) because Lutz derived more than $1,000,000 and the theft "affected a financial institution." This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and **affirms**.

Lutz recognizes that this court recently rejected the identical arguments raised in this appeal in affirming the sentence of Lutz's co-conspirator. *See United States v. Negri*, No. 98-6178, 1999 WL 157423 (10th Cir. March 23, 1999). Lutz further recognizes that the decision in *Negri* controls the resolution of this case but notes that he raises the issues here simply to preserve his right to petition the Supreme Court. This court agrees that the decision in *Negri* controls the disposition of this case and thus **AFFIRMS** Lutz's sentence for those reasons set out in *Negri*, 1999 WL 157423, at *2-*5.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge